# EXHIBIT 1

3275381



**NEW YORK** | **Department of**
STATE OF
OPPORTUNITY. | **Financial Services**

**KATHY HOCHUL**
Governor

**ADRIENNE A. HARRIS**
Superintendent

STATE OF NEW YORK
Supreme Court, County Of Suffolk

605278/2025

ONE55DAY iNC                                                                Plaintiff(s)

against

Defendant(s)

U.S. Underwriters Insurance Company

RE :U.S. Underwriters Insurance Company

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons and Verified Complaint Notice of E-Filing in the above entitled action on March 07, 2025 at Albany, New York. The $40.00 fee is also acknowledged.

Pursuant to Section 1213 of the Insurance Law, said process is being forwarded to U.S. Underwriters Insurance Company at its last known principal place of business. U.S. Underwriters Insurance Company is not authorized to do business in this State and you are advised that, while such service is accepted and being forwarded to the company, it is your duty to determine whether this is a proper service under Section 1213 of the Insurance Law.

Original to Attorney for Plaintiff(s):

Agulnik Kremin P.C
510 Broadhollow Road, Suite 303
Melville, New York 11747

Pursuant to the requirement of section 1213 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

U.S. Underwriters Insurance Company
1190 Devon Park Drive PO Box 6700
Wayne, Pennsylvania 19807

'25 MAR 13  8:47AM

**Rawle Lewis**
**Director of Producer Licensing**

Dated Albany, New York, March 07, 2025
767677              alic0phd

# GERALD WEINBERG, P.C.

*Attorneys at Law*
**41 State Street**
**Albany, New York 12207**

**Gerald Weinberg**                                          **Telephone (518) 463-2051**
**Lawrence A. Kirsch**                                          **NYS (800) 342-9856**
                                                                                   **FAX (800) 354-3381**


State of New York Financial Services
Attn: Corporate Affairs
One Commerce Plaza, Suite 2003
Albany, New York 12257
March 6, 2025


Re: PROCESS SERVICE ON 1 DEFENDANT

1.  U.S. UNDERWRITERS INSURANCE COMPANY (INDEX# 605278/2025)

To Whom It May Concern:

    Attached please find the service to be served on the attached Insurance Companies. Please send back confirmation of Service in the business reply envelope enclosed and/or email to corps@weinbergpc.com . **PLEASE MAIL ALL CORRESPONDENCE TO THE ABOVE ADDRESS, GERALD WEINBERG PC**. Any questions please feel free to contact me at the above information.

    Thank you in advance for your prompt attention to this matter.

Very truly yours,

Billie Jo Williams
Legal Assistant

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF** SUFFOLK

-------------------------------------------------------------------x

ONE55DAY INC.,

                          Plaintiff/Petitioner,

          - against -                  Index No.605278/2025

U.S. UNDERWRITERS INSURANCE COMPANY

                   Defendant/Respondent.

-------------------------------------------------------------------x

**NOTICE OF ELECTRONIC F**

**(Consensual Case)**

(Uniform Rule § 202.5-

*[handwritten: under section 1213 2 copies and address on pg2. of Notice of Electronic filing]*

**You have received this Notice because:**

      1) The Plaintiff/Petitioner, whose name is liste
New York State Courts E-filing system ("NYS(

      2) You are a Defendant/Respondent (a party)

- **If you are represented by an attorney:**
Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
**You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

    **<u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

    The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit:  http://www.nycourts.gov/efile-unrepresented  or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 3/3/2025

SCOTT E. AGULNICK                           510 Broadhollow Rd, Suite 303
Name                                                Address
AGULNICK KREMIN P.C.

Firm Name                                        Melville, NY 11747


                                                    718-352-4800
                                                         Phone

                                                    sagulnick@agulnickkremin.com
                                                         E-Mail

To:    U.S. Underwriters Insurance Co

        1190 Devon Park Drive

        PO 6700, Wayne, PA 19807


                                                                            6/6/18

Index  #                        Page 2  of 2                       EF-3

Case 2:25-cv-02006-RER-SIL    Document 1-1    Filed 04/10/25    Page 6 of 58 PageID #: 78/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

Index No.

-----------------------------------------------------------------X

ONE55DAY INC.,

Date Filed:

Plaintiff(s),

**SUMMONS**

-against-

Plaintiff designates
SUFFOLK County. The
basis of the venue
designated is residence of
Plaintiff.

U.S. UNDERWRITERS INSURANCE COMPANY,

Defendant(s).

-----------------------------------------------------------------X

Plaintiff's address:
27 Irene Lane
Commack, NY 11725

**TO THE ABOVE-NAMED DEFENDANT(S):**

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's attorney an

answer to the Verified Complaint in this action within twenty (20) days after the service of this

summons, exclusive of the day of service, or within thirty (30) days after service is complete if

this summons is not personally delivered to you within the State of New York. In case of your

failure to answer, judgment will be taken against you by default for the relief demanded in the

Verified Complaint.

Dated:        Melville, New York
              February 27, 2025

                            Yours, etc.

                            **AGULNICK KREMIN P.C.,**

                            By:  _____

                                 Scott E. Agulnick, Esq.
                                 *Attorneys for Plaintiff*
                                 **ONE55DAY INC.**
                                 510 Broadhollow Road, Suite 303
                                 Melville, New York 11747
                                 Tel:  (718) 352- 4800
                                 Fax: (718) 732- 2110

Defendant's Address:

**U.S. UNDERWRITERS INSURANCE COMPANY**
1190 Devon Park Drive
PO Box 6700
Wayne, PA 19087

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
--------------------------------------------------------------------X
ONE55DAY INC.,                                          Index No.

                    Plaintiff(s),

             -against-                          **VERIFIED
                                                        COMPLAINT**

U.S. UNDERWRITERS INSURANCE COMPANY,

                 Defendant(s).
--------------------------------------------------------------------X


        Plaintiff ONE55DAY INC., by their attorneys, **AGULNICK KREMIN P.C.**, for his

Verified Complaint against the Defendant U.S. UNDERWRITERS INSURANCE COMPANY,

alleges as follows:

### THE PARTIES

    1.     Plaintiff U.S. ONE55DAY INC. is a New York domestic business corporation

located at 27 Irene Lane, Commack NY 11725, in the County of Suffolk, State of New York.

    2.     That Defendant U.S. UNDERWRITERS INSURANCE COMPANY ("U.S.

UNDERWRITERS" or "Insurance Company") is a foreign corporation duly formed under the laws

of the State of North Dakota with its principal offices located at 1190 Devon Park Drive, PO Box

6700, Wayne, PA 19087.

    3.     Defendant Insurance Company, its subsidiary, and/or agent is an insurance

company licensed, admitted, engaging in, and authorized to engage in the business of liability and

casualty insurance, including homeowner's insurance coverage in the State of New York, with

offices for the transaction of business located within the State of New York.

Case 2:25-cv-02006-RER-SIL Document 1-1 Filed 04/10/25 Page 9 of 58 PageID #:

4.      Plaintiff brings this action against Defendant U.S. UNDERWRITERS with regard to the Defendant Insurance Company's failure to indemnify Plaintiff for their insurance claim following a water damage loss at 1960 Oakland Ave, Wantagh NY 11793 (hereinafter referred to as the "Property"), which occurred suddenly and accidentally on or about February 8, 2024, the facts and circumstances being more fully set forth below.

5.      The transaction of events and the real property/personal property that is the subject of this lawsuit was located within the County of Suffolk, State of New York.

## REVEVANT FACTS

6.      That Defendant U.S. UNDERWRITERS, its subsidiary, and/or agent, for good and valuable consideration and a premium paid, issued and/or reissued to Plaintiff an insurance policy, including endorsements and amendments thereto which became a part of said policy, bearing the policy number CP 35656769D (hereinafter referred to as the "Policy"), whereby it insured the Property and contents therein against all risks of loss to the property up to the limits contained therein, including, *inter alia*, loss from accidental discharge from the plumbing system. The policy was signed by the authorized agents of the Defendant, its subsidiary, and/or agent.

7.      Pursuant to the policy, Defendant Insurance Company, its subsidiary, and/or agent agreed to insure the Plaintiffs, against loss of property caused by, *inter alia,* accidental discharge from the plumbing system as well as freeze damage subject to exceptions to the exclusion during the policy term and agreed to indemnify Plaintiff against loss or damage sustained to the Property and/o certain contents therein.

8.      On or about February 8, 2024, and while the insurance Policy was in full force and effect, an accidental discharge from the plumbing system occurred resulting in water damage occurred at the Property, causing physical damage to the building and/or contents (the "Loss").

9. By reason of the above-mentioned occurrence, Plaintiff has sustained a direct physical loss covered under the terms of the Policy.

10. Defendant U.S. UNDERWRITERS, its subsidiary, and/or agent, was notified of the subject loss as soon thereafter as was practicable and a claim was opened (the "Claim").

11. Plaintiff has submitted to Defendant U.S. UNDERWRITERS request for a complete investigation of all the facts and circumstances surrounding the loss, to the extent that such was requested by Defendant.

12. Plaintiff has satisfied all conditions precedent to the instant suit.

13. At all times mentioned, Plaintiff has not obtained any other insurance upon the described property.

14. By reason of Defendant U.S. UNDERWRITERS contractual undertaking to Plaintiff, pursuant to the Policy, to properly evaluate and pay claims thereunder to the extent of Plaintiff's loss up to the limits prescribed by the Policy, Defendant owed and continues to owe Plaintiff the duties of good faith and fair dealing in connection with the parties' contractual relationship.

15. In accordance with the aforesaid duties of good faith and fair dealing, U.S. UNDERWRITERS was and is prohibited from undertaking any act which would have the effect of injuring or destroying Plaintiff's rights deriving from his contractual relationship with Insurance Company under the Policy.

16. That despite their duties of good faith and fair dealing, Defendant U.S. UNDERWRITERS Denial the Claim, and otherwise disregarded the Plaintiffs actual rights under the Policy.

## THE DENIAL AND BAD FAITH

FILED: SUFFOLK COUNTY CLERK 02/27/2025 04:35 PM
NYSCEF DOC. NO. 1

Case 2:25-cv-02006-BER-SIL   Document 1-1   Filed 04/10/25   Page 11 of 58 PageID
INDEX NO. 605278/2025
RECEIVED NYSCEF: 02/27/2025

17.     That on or about June 20, 2024, Defendant repudiated coverage for the Claim and breached the Policy by way of letter (the "Denial Letter"). A copy of said Denial Letter is annexed hereto and incorporated by reference herein as EXHIBIT A.

18.     That the Denial Letter was in bad faith, citing frivolous, self-serving and specious grounds, all of which were devoid of logic and good faith, and without consideration for the language in the Policy which affords coverage or blatant ambiguities which exist in the Policies.

19.     That Defendant's Denial, conduct, and refusal to indemnify Plaintiff amounts to a complete disregard for the Plaintiff's rights under the Policy.

20.     The gravamen of the Denial Letter was that the Claim was excluded as freeze damage, yet the Denial Letter undertakes zero analysis as to whether Plaintiff did "do your best to maintain heat".

21.     By, *inter alia,* failing to pay Plaintiff under the Policy to the full extent of Plaintiff's loss up to the limits of the Policy and the aforesaid conduct, despite legal precedent, statutory authority, and/or contractual obligations, Insurance Company acted in bad faith and breached the duties of good faith and fair dealing owed to Plaintiff.

22.     Furthermore, Insurance Company, and its agents, servants and/or employees, are governed by the regulations promulgated by the Superintendent of Insurance of the New York State Insurance Department as set forth in 11 NYCRR § 216.

23.     The New York Insurance Law prohibits and/or requires certain actions by insurers, their agents, and representatives; and conduct by insurers, their agents and representatives. Deviating from the following is deemed unfair claim settlement practice thereunder:

> (a)     Insurers may not engage in failing to acknowledge with reasonable promptness pertinent communications as to claims arising under their policies.

FILED: SUFFOLK COUNTY CLERK 02/27/2025 04:35 PM   INDEX NO. 605278/2025
NYSCEF DOC. NO. 1                                  RECEIVED NYSCEF: 02/27/2025

(b)     Insurers may not fail to adopt and implement reasonable standards for the prompt investigation of claims arising under their policies.

(c)     Insurers may not fail to attempt in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear.

(d)     Insurers may not compel policyholders to institute suits to recover amounts due under their policies by offering substantially less than the amounts ultimately recovered in suits brought by them.

24.     Notwithstanding the foregoing, Insurance Company continued to seek only grounds for denial, based upon nothing other than a bad faith misinterpretation of the policy language and facts, and a complete and knowing disregard for the language of the policy and relevant facts, or the fact that a reasonable and typical policyholder would believe there is coverage based upon the language therein and the circumstances of the loss.

25.     Here, Defendant Insurance Company entirely disregards and gives no consideration to the exception to the Freeze exclusion, which provides for coverage where the insureds "do your best" to maintain heat at the Property.

26.     That by any reasonable assessment, Plaintiff did their best to maintain heat at the Property, and a reasonable insured would believe that Plaintiff satisfied their obligation so that the exception to the freeze exclusion would provide for coverage.

27.     That the term "do your best to maintain heat" is so susceptible to multiple reasonable interpretations that Defendant's complete and utter disregard for same shocks the conscience and is subject to the rule of *Contra Proferentem*.

28.     In addition to the foregoing, the Denial Letter and the denial of the Claim is predicated upon a report from Paul J. Angelides, P.E., P.C., Consulting & Forensic Engineers ("PJA"), an engineer beholden to the insurance company community and whose reports are almost exclusively in favor of no coverage, as will be more fully discussed below.

29.     That the expectation of a reasonable insured is that their claim and the investigation analysis will be performed in a good faith manner and consider all aspects of the Policy and its provisions.

30.     That insurance companies, such as U.S. UNDERWRITERS, are obliged to use licensed professional engineers to satisfy their duty with regard to the investigation and coverage determination of claims.

31.     That insurance companies, such as U.S. UNDERWRITERS, are well aware that they can create some air of legitimacy for denials if the purported opinion of a licensed professional engineer is purportedly relied upon.

32.     That insurance companies, such as U.S. UNDERWRITERS, are well aware that a denial which cites the purported findings of a licensed professional engineer, is more likely to deter civil actions by aggrieved policyholders, regardless of how conclusory, outlandish, or unsupported that purported opinion is.

33.     That insurance companies, such as U.S. UNDERWRITERS, deceptively undertake a scheme to employ licensed professional engineers, like Paul J. Angelides PE, PC whose professional existences is so intertwined with the insurance industry that they are in essence extensions of the carrier, also motivated to avoid coverage.

34.     The aforesaid actions and Insurance Company's *modus operandi* of seeking, from the outset of a claim being filed, any conceivable, although specious, basis for denial of property and casualty claims or parts thereof, have not only caused injury to Plaintiff, but have the potential to harm the public at large.

35.     Defendant U.S. UNDERWRITERS' actions toward Plaintiff are part of a pattern and practice by Insurance Company to sell insurance policies to property owners, and then

subsequently take the position that, under its latest interpretation or based upon its purported investigation, there is or may be no coverage, effectively denying, reducing, or hindering the processing of legitimate claims.

36. Defendant U.S. UNDERWRITERS' regularly denies otherwise legitimate claims, setting forth frivolous grounds for the denial, that are contrary to fact, common sense, and causation.

37. Defendant U.S. UNDERWRITERS outrageous actions demonstrate that degree of bad faith evincing a disingenuous, dishonest refusal to carry out their contractual obligations.

38. The Defendant U.S. UNDERWRITERS has failed to and/or refused to fully indemnify the Plaintiff(s) for their total loss in an amount, with the outstanding amounts to be determined at the time of trial but believed to be in excess of one hundred fifty thousand dollars ($150,000.00), although a demand has been made.

## AND AS FOR A FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

39. Plaintiff repeats and re-alleges all allegations previously set forth in the instant complaint as if more completely and fully set forth herein.

40. By failing to pay Plaintiff under the Policy to the full extent of Plaintiff's loss up to the limits of the Policy and based upon their conduct as set forth above, Defendant breached its obligation under the Policy with regard to the loss at the property as well as their duty of good faith and fair dealing.

41. As a result of U.S. UNDERWRITERS' breach, Plaintiff has been damaged in an amount to be determined at the time of trial but believed to be in excess of one hundred fifty

thousand dollars ($150,000.00), plus appropriate statutory interest of nine percent (9%) from the date of the loss.

42. As a further result of Insurance Company's breach and bad faith, Plaintiff has suffered additional consequential damages in an amount to be determined at the time of trial, and pursuant to the Bi-Economy Market, Inc. v. Harleysville Insurance Company of New York line of cases, but believed to be in excess of one hundred thousand dollars ($100,000.00).

43. That consequential damages were at all times foreseeable; in that it is foreseeable that an insured will suffer additional losses when the defendant denies or improperly minimizes a claim in bad faith.

44. That it was both expected and foreseeable that Plaintiff will sustain consequential damages including, but not limited to, the loss of use and enjoyment of the property, inability to make repairs due to the lack of insurance funds, the need to procure alternative funds, lost opportunity costs, stigmatized property, and potential loss of the Property, in addition to the loss of benefits expected under the Policy.

## AND AS FOR A SECOND CAUSE OF ACTION
## VIOLATION OF GENERAL BUSINESS LAW § 349

45. Plaintiffs repeat and re-allege all allegations set forth in the instant Verified Complaint as if more completely and fully set forth herein.

46. In addition to the foregoing, Insurance Company, and its agents, servants and/or employees, are prohibited from engaging in deceptive acts and practices pursuant to General Business Law § 349 of the State of New York.

47. Moreover, General Business Law § 349 prohibits deceptive acts or practices in the

FILED: SUFFOLK COUNTY CLERK 02/27/2025 04:35 PM    Case 2:25-cv-02006-RER-SIL    Document 1-1    Filed 04/10/25    Page 16 of 58 PageID    INDEX NO. 605278/2025

NYSCEF DOC. NO. 1                                                                                              RECEIVED NYSCEF: 02/27/2025

conduct of any business, trade or commerce or in the furnishing of any service in the State of New York and making such acts and practices unlawful.

48.      Insurance Company, through its agents, servants and/or employees, has engaged in deceptive acts and practices in violation of General Business Law § 349 of New York by way of its deceptive and disingenuous investigation of the Loss which was predetermined to result in a denial of coverage and the Denial Letter.

49.      That part and parcel to the majority of insurance claims within the State of New York, including Plaintiff's is the evaluation with regard to coverage which accounts for the actual provisions of the Policy.

50.      That the expectation of a reasonable insured is that their claim and the causation analysis will be performed in a good faith manner.

51.      That insurance companies, such as U.S. UNDERWRITERS, are obliged to use licensed professional engineers to satisfy their duty with regard to the investigation and coverage determination of claims.

52.      That insurance companies, such as U.S. UNDERWRITERS, are well aware that they can create some air of legitimacy for denials if the purported opinion of a licensed professional engineer is purportedly relied upon.

53.      That insurance companies, such as U.S. UNDERWRITERS, are well aware that a denial which cites the purported findings of a licensed professional engineer, is more likely to deter civil actions by aggrieved policyholders, regardless of how conclusory, outlandish, or unsupported that purported opinion is.

54.      That insurance companies, such as U.S. UNDERWRITERS, deceptively undertake a scheme to employ licensed professional engineers whose professional existences is so

intertwined with the insurance industry that they are in essence extensions of the carrier, also motivated to avoid coverage.

55. That here, consistent with their scheme to deceive policyholders during the handling and determination of the claim. Defendant U.S. UNDERWRITERS retained Paul J. Angelides.

56. That PJA derive a substantive portion of their revenue from insurance companies.

57. That the substantial pecuniary interest that PJA, and similarly situated engineers, have to the insurance industry translates into biased, conclusory, and self-serving coverage analysis, and without regard to the carrier's burden.

58. That the result of the foregoing is that the supposed good faith investigations by Defendant U.S. UNDERWRITERS are not good faith at all, but a deceptive and shameful conspiracy to deprive policyholders the benefits of their policies.

59. That PJA rarely produce purported "opinions" which are consistent with coverage, as part of this deceptive claims practices by Defendant U.S. UNDERWRITERS and other insurers.

60. That the foregoing scheme is not isolated to the instant claim but affects nearly every properly and casualty policy in New York and a large number of claims in New York.

61. The purpose of General Business Law § 349 is to prevent deceptive consumer practices in New York.

62. That the foregoing deceptive does not consist solely of Defendant's flawed investigation or failures, but rather their overtly orchestrated attempt to avoid coverage by proffering contrived, disingenuous, and specious engineering reports to their insureds.

63. The foregoing deceptive is akin to an insurance company retaining a medical testing company to falsify results, so as to avoid claims under the relevant policies.

64.    Every policyholder in New York has an interest when insurance carriers, such as U.S. UNDERWRITERS, act in concert with purported forensic engineers who actually stand to potentially lose business and revenue if those engineer's find in favor of insureds on any regular basis.

65.    Every policyholder in New York has in interest if the pattern and practice and claims handling process is so tainted from the start by way of conspiracy with industry loyal engineers that the policy is rendered worthless to the insured.

66.    That this type of abhorrent conduct is not unique to the Plaintiff's Loss but is a pattern and practice of the Insurance Company calculated to avoid substantive payments to insureds and deter such insureds from pursuing their proper claims further.

67.    Insurance Company, through its agents, servants and/or employees, has engaged in deceptive acts and practices in violation of General Business Law § 349 of New York, as is evidenced by the foregoing conduct and deceptive claims handling.

68.    The aforementioned actions, policies, patterns of conduct, and failures by Defendant have not only caused injury to Plaintiffs, but have the potential to harm the public at large, and most insureds of Defendant, if not all, will have some engineering involvement and/or analysis in the event there is a claim.

69.    Further, due to the willful and wanton nature of Insurance Company's conduct and the need to deter same to prevent public harm and injury, Plaintiffs demand punitive damages pursuant to General Business Law § 349.

70.    In addition to the foregoing, Defendant's intentional use of undefined and ambiguous terminology in its policy, namely the terms "do your best" in connection with maintaining heat and opting not to define that term with any specificity.

71.     That the definition of both "do your best" is material to the coverage determination in the instant claim.

72.     That Defendant intentionally applied a definition to that terms inconsistent with the understanding of those terms by a reasonable insured, to give the illusion of a legitimate investigation.

73.     That Defendant's use of ambiguous terms without defining them is a calculated decision, a deceptive practice, and designed to frustrate the insureds and to give the illusion of grounds to deny claims.

74.     That Defendant could have easily defined the terms "do your best", which would afford an insured to rely upon insurance without fear or danger of an unscrupulous insurance carrier applying an outlandish definition of otherwise undefined and ambiguous material terms following a loss.

75.     That this type of abhorrent conduct is not unique to the Plaintiffs' Loss, but is a pattern and practice of the Insurance Company calculated to avoid substantive payments to insureds and deter such insureds from pursuing their proper claims further.

76.     That Insurance Company intentionally and routinely uses ambiguous terminology rather than opting to use specific terminology which would properly advise an insured of what was required under a policy as a condition precedent to coverage and preclude frivolous denials such as the instant denial.

77.     That Insurance Company intentionally uses ambiguous terminology related to residency rather than opting to use specific terminology as a strategic measure meant to frustrate insureds and provide Insurance Company with an opportunity to deny otherwise covered claims by creating the illusion of legitimacy.

78.     The aforementioned actions, policies, patterns of conduct, and failures by Defendant have not only caused injury to Plaintiff, but have the potential to harm the public at large, and most insureds of Plaintiff, as most, if not all, residential insurance policies contain a undefined "do your best" requirement or similarly undefined standard which is indecipherable by an average insured and which lacks any precise meaning.

79.     As a result of the aforesaid violations of General Business Law § 349 of the State of New York, Plaintiff has been damaged in an amount to be determined at trial but believed to be in excess of two hundred thousand dollars ($200,000.00) plus appropriate interest.

80.     As a further result of Insurance Company's violations of General Business Law § 349 of the State of New York, Plaintiff is entitled to attorneys' fees.

## AND AS FOR A THIRD CAUSE OF ACTION
## DECLARATORY RELIEF

81.     Plaintiff repeats and re-alleges all allegations in the instant Verified Complaint as if more completely and fully set forth herein.

82.     The rights, status and other legal relations to Plaintiff and Insurance Company are uncertain and the entry of declaratory judgment by this Court will resolve the uncertainty and controversy that have given rise to this proceeding.

83.     That Plaintiff's legally protectable interest under the Policy is present and such interest is directly at issue, by virtue of Defendant's failure to pay the Claim.

84.     A very real and justiciable controversy exists to which Plaintiff has no adequate or alternative remedy, including certain benefits under the Policy to which Plaintiff is entitled.

85.     That Plaintiff seeks and is entitled to a declaratory judgment against U.S. UNDERWRITERS setting forth that Defendant Insurance Company is now and continues to be bound by, must abide by, and must perform in accordance with all covenants, provisions, forms,

and endorsements as set forth in the above- referenced Policy as it/they pertains to the subject February 8, 2024 Loss, and must make payment for the subject Loss to the full extent of the policy limits, comply with appraisal if demanded to resolve dispute over the amount and scope for the Loss, and make payment of recoverable depreciation upon completion of repair or replacement of any damaged property.

**WHEREFORE**, Plaintiff ONE55DAY INC., demands judgment against Defendant U.S. UNDERWRITERS, as follows:

a.      Under the FIRST Cause of Action, as against Defendant U.S. UNDERWRITERS, damages in an amount to be determined at trial but believed to be in excess of one hundred fifty thousand dollars ($150,000.00) dollars, plus appropriate statutory interest of nine percent (9%) from the date of the loss; plus consequential damages in an amount to be determined at trial but believed to be in excess of one hundred thousand dollars ($100,000.00).

b.      Under the SECOND Cause of Action, damages in an amount to be determined at trial but believed to be in excess of two hundred thousand dollars ($200,000.00), plus attorneys' fees, and punitive damages pursuant to New York GBL § 349.

c.      Under the SECOND Cause of Action, a Declaratory Judgment setting forth that That Plaintiff seeks and is entitled to a declaratory judgment against U.S. UNDERWRITERS setting forth that Defendant Insurance Company is now and continues to be bound by, must abide by, and must perform in accordance with all covenants, provisions, forms, and endorsements as set forth in the above- referenced Policy as it/they pertains to the subject February 8, 2024 Loss, and must make payment for the subject Loss to the full extent of the policy limits, comply with appraisal if demanded to resolve dispute over the amount and scope for the Loss, and make

payment of recoverable depreciation upon completion of repair or replacement of any damaged

property.

      c.    Costs, expenses, and disbursements and reasonable attorneys' fees;

      d.    Such further relief as This Court deems just and proper.

Dated:    Melville, New York
           February 27, 2025

                      Yours, etc.

                      **AGULNICK KREMIN P.C.,**

By: _____

                      Scott E. Agulnick, Esq.
                      *Attorney for Plaintiff*
                      **ONE55DAY INC.**
                      510 Broadhollow Road, Suite 303
                      Melville, New York 11747
                      Tel: (718) 352- 4800
                      Fax: (718) 732- 2110

FILED: SUFFOLK COUNTY CLERK 02/27/2025 04:35 PM    INDEX NO. 605278/2025
NYSCEF DOC. NO. 2                                    RECEIVED NYSCEF: 02/27/2025

# EXHIBIT "A"



June 20, 2024

ONE55DAY INC.
27 Irene Lane
Commack, NY 11725
Attention: Rori Gordon

*Via Certified Mail and First Class Mail*

| RE: | Claim No.: | 0-36184 |
|---|---|---|
| | Reported date of loss: | 02/08/2024 |
| | Policyholder: | ONE55DAY INC |
| | Policy Number: | CP 3565769D |
| | Policy Effective Dates: | 08/14/2023 – 08/14/2024 |
| | Issuing Company: | U.S. Underwriters Insurance Company |

Dear Rori Gordon:

U.S. Underwriters Insurance Company (the "Company") is in receipt of notice of the above captioned claim dated February 9, 2024 for water damage at 1960 Oakland Ave, Wantagh, NY 11793 that occurred on or about February 8, 2024. Upon receipt, the Company hired the independent adjusting firm, MSW Adjustment Group, and subsequently, an engineering firm, Paul J. Angelides, P. E., P.C., to investigate on its behalf. We attach a copies of the Paul J. Angelides, P. E., P.C. Engineering reports on this loss for your review which address both the origin of the loss and the issue of whether an effort had been made to keep adequate heat on in the building so as to prevent against freezing.

We have now completed our investigation and reviewed the policy. The investigation revealed that the loss was caused by a frozen and split water supply line that serviced the second-floor bathroom. Further, it was found that minimal heat was used during the heating season by reviewing the utility bills that were presented for review. There was only minimal gas usage recorded, insufficient to heat the building to prevent against freezing. Further, the recorded electrical usage was also insufficient to maintain adequate heat in the building by supplying heat to a mini-split heat pump located on the first floor of the building that we were told had been functioning to supply heat to the building. Due to your failure to do your best to maintain adequate heat, a freeze-up occurred to the water line in the ceiling of the first floor, which, upon thawing, burst and caused water damage to the building.

Coverage for this situation is sought under Policy Number CP 1771995A, which affords a limit of $200,000 for the Building at Premises 2, subject to a $2,500 deductible, for damage caused by covered causes of loss.

As explained in detail below, the Policy does not provide coverage for the claimed damage and therefore we respectfully deny your request for payment.

BERKSHIRE HATHAWAY COMPANIES

1190 DEVON PARK DRIVE · P.O. BOX 6700 · WAYNE, PA 19087 · 610-688-2535 · 868-523-5545 · FAX 610-688-4391

United States Liability Insurance Company · Mount Vernon Fire Insurance Company · U.S. Underwriters Insurance Company
Mount Vernon Specialty Insurance Co. · Radnor Specialty Insurance Co.

USLI.COM · DEVONPARKSPECIALTY.COM

ONE55DAY INC
Claim # 0-36184
June 13, 2024
Page 2

Please refer to your policy, specifically the **CP 00 10 06 07- Building and Personal Property Coverage Form,** pp.1-2, which states the following, in pertinent part:

### A. Coverage

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1.  Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.,** and limited in **A.2.,** Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

**a. Building...**

\*\*\*

### E. Property Loss Conditions

\*\*\*

**3. Duties In The Event Of Loss Or Damage**

**a.** You must see that the following are done in the event of loss or damage to Covered Property:

**(1)** Notify the police if a law may have been broken.

**(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.

**(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.

**(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

ONE55DAY INC
Claim # 0-36184
June 13, 2024
Page 3

    (5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

    (6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.
Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

    (7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

    (8) Cooperate with us in the investigation or settlement of the claim.

  b. We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

The preceding language explains that the policy covers direct physical loss or damage to Covered Property at the described premises caused by a Covered Cause of Loss. It further explains the Duties of an Insured in event of a loss. In this case, extensive demolition had been done on the first level of the building, prejudicing the company's rights to inspect all damaged property and preventing the assigned adjuster from determining the actual scope of damage that would be required if coverage had been triggered for the loss.

Please further refer to policy form **CP 1030 06 07**, the **CAUSES OF LOSS – SPECIAL FORM**, pp.1-3, which states the following in relevant part:

**B. Exclusions**

    ***

    2. We will not pay for loss or damage caused by or resulting

ONE55DAY INC
Claim # 0-36184
June 13, 2024
Page 4

from any of the following:

...

g. Water, other liquids, powder or molten material
   that leaks or flows from plumbing, heating, air
   conditioning or other equipment (except fire
   protective systems) caused by or resulting from
   freezing, unless:

   (1) You do your best to maintain heat in the
       building or structure; or

   (2) You drain the equipment and shut off the
       supply if the heat is not maintained.

Since heat was not being maintained in the building sufficient to prevent against freezing, and
since the water supply lines were not shut off and drained, the supply lines froze and burst.
Based on the above language, this situation is excluded from coverage.

Your policy also includes endorsement **CP 101 (04/15) Maintenance of Heat Condition**,
wherein it states:

**This endorsement modifies insurance provided under the following:**
**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**
**CONDOMINIUM ASSOCIATION COVERAGE FORM**
**CONDOMINIUM COMMERCIAL UNIT-OWNERS COVERAGE FORM**
**BUILDERS RISK COVERAGE FORM**
**BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM**
**BUSINESS INCOME (WITHOUT EXTRA EXPENSE) COVERAGE FORM**
**EXTRA EXPENSE COVERAGE FORM**
**STANDARD PROPERTY POLICY**

**MAINTENANCE OF HEAT CONDITION**

It is a condition of this policy that the Insured shall maintain heat in the building(s)
and other structure(s) covered under this policy under the control of the Insured to
prevent freezing of plumbing, heating and/or fire protective systems. Failure to
comply with this provision of the policy shall void coverage for loss or losses
caused by or resulting from, directly or indirectly, the freezing of plumbing, heating
and/or fire protective systems.

All other terms and conditions of this policy remain unchanged. This endorsement is
a part of your policy and takes effect on the effective date of your policy unless
another effective date is shown.

ONE55DAY INC
Claim # 0-36184
June 13, 2024
Page 5

By not ensuring that the gas furnace was operational during the heating season to allow for the
furnace to heat the building adequately, and since the mini-split system was not being operated at
a level to maintain adequate heat in the building, the heat warranty was breached; therefore,
coverage is excluded for this loss.

For the reasons stated above, the Policy does not provide coverage for this matter. This
determination is based upon all information available to us at this time. If you have additional
information or legal authority that you believe may affect the Company's position regarding
coverage for this claim, or you obtain such information or authority in the future, we would be
happy to review the same at any time. There may be other reasons for which coverage does not
exist for this matter, and our failure to enumerate each and every potential ground for a coverage
denial does not mean that we have waived any of our rights. The Company's position may be
subject to change if additional facts and legal theories are developed and we reserve all of our
rights under the Policy.

If you have questions or disagree with the decision communicated in this letter, please contact
me via email at mquici@usli.com or by phone at 888-523-5545 x2572.

Sincerely,

Michael Quici
Property Claims Examiner

C:    XS BROKERS INSURANCE AGENCY, INC. (1711)
       jreid@xsbrokers.com

       Anthony Albanese
       aanycadjust@yahoo.com



# NYSCEF Confirmation Notice

## Suffolk County Supreme Court

The NYSCEF website has received an electronic filing on 02/27/2025 04:35 PM. Please keep this notice as a confirmation of this filing.

### 605278/2025
### ONE55DAY INC. v. U.S. UNDERWRITERS INSURANCE COMPANY
### Assigned Judge: None Recorded

## Documents Received on   02/27/2025 04:35 PM

| Doc # | Document Type |
|-------|---------------|
| 1 | SUMMONS + COMPLAINT |
| 2 | EXHIBIT(S) A |

## Filing User

SCOTT E AGULNICK | sagulnick@agulnickkremin.com | 718-352-4800
510 Broad Hollow Road Suite 303, Melville, NY 11747

## E-mail Service Notifications

An email regarding this filing has been sent to the following on 02/27/2025 04:35 PM:

**SCOTT E AGULNICK - sagulnick@agulnickkremin.com**

## Email Notifications NOT Sent

| Role | Party | Attorney |
|------|-------|----------|
| Defendant / Respondent | U.S. UNDERWRITERS INSURANCE COMPANY | No consent on record. |

* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

**Vincent Puleo, Suffolk County Clerk**
Phone: 631-852-2000     Fax: 631-852-3016 (fax)

---

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Index No:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

ONE55DAY INC.,

Plaintiff,

-against-

U.S. UNDERWRITERS INSURANCE COMPANY,

Defendant(s).

**VERIFIED SUMMONS AND COMPLAINT**

**AGULNICK KREMIN P.C.**
*Attorneys for PLAINTIFF(s)*
*Office and Post Office Address, Telephone*
310 Broadhollow Road, Suite 303
Melville, New York 111747
Tel:  (718) 352- 4800
Fax:  (718) 732- 2110

**"WE DO NOT ACCEPT SERVICE BY FAX OR EMAIL"**

**Certification pursuant to 22 NYCRR 130-1.1(a)**

It is hereby certified that, to the best of the undersigned's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper and/or the contentions herein are not frivolous as defined in section 130-1.1(c).

2/27/2025
Dated

SCOTT E. AGULNICK, ESQ.

Service of a copy of the within                                      is hereby **admitted**

.................................................................................
Attorney(s) for

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** SUFFOLK
------------------------------------------------------------------------x

ONE55DAY INC.,

                        Plaintiff/Petitioner,

     - against -                    Index No.605278/2025
U.S. UNDERWRITERS INSURANCE COMPANY

                       Defendant/Respondent.
------------------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Consensual Case)
(Uniform Rule § 202.5-b)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit:  http://www.nycourts.gov/efile-unrepresented  or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 3/3/2025

SCOTT E. AGULNICK
Name
AGULNICK KREMIN P.C.

Firm Name

510 Broadhollow Rd, Suite 303
Address

Melville, NY 11747

718-352-4800
Phone

sagulnick@agulnickkremin.com
E-Mail

To:    U.S. Underwriters Insurance Co

1190 Devon Park Drive

PO 6700, Wayne, PA 19807

6/6/18

Index   #                    Page 2  of 2                    EF-3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK                                    Index No.
-------------------------------------------------------------------X
ONE55DAY INC.,                                       Date Filed:

                                    Plaintiff(s),    **SUMMONS**

              -against-                              Plaintiff designates
                                                     SUFFOLK County. The
U.S. UNDERWRITERS INSURANCE COMPANY,                 basis of the venue
                                                     designated is residence of
                                    Defendant(s).    Plaintiff.
-------------------------------------------------------------------X
                                                     Plaintiff's address:
                                                     27 Irene Lane
                                                     Commack, NY 11725

**TO THE ABOVE-NAMED DEFENDANT(S):**

       **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's attorney an

answer to the Verified Complaint in this action within twenty (20) days after the service of this

summons, exclusive of the day of service, or within thirty (30) days after service is complete if

this summons is not personally delivered to you within the State of New York. In case of your

failure to answer, judgment will be taken against you by default for the relief demanded in the

Verified Complaint.

Dated:        Melville, New York
              February 27, 2025

                                    Yours, etc.

                                    **AGULNICK KREMIN P.C.,**

                             By:    _____

                                    Scott E. Agulnick, Esq.
                                    *Attorneys for Plaintiff*
                                    **ONE55DAY INC.**
                                    510 Broadhollow Road, Suite 303
                                    Melville, New York 11747
                                    Tel: (718) 352- 4800
                                    Fax: (718) 732- 2110

FILED: SUFFOLK COUNTY CLERK 02/27/2025 04:35 PM

NYSCEF DOC. NO. 1

Defendant's Address:

**U.S. UNDERWRITERS INSURANCE COMPANY**
1190 Devon Park Drive
PO Box 6700
Wayne, PA 19087

FILED: SUFFOLK COUNTY CLERK 02/27/2025 04:35 PM          INDEX NO. 605278/2025
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 02/27/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------X
ONE55DAY INC.,                                         Index No.

                                    Plaintiff(s),

                    -against-                          **VERIFIED**
                                                       **COMPLAINT**

U.S. UNDERWRITERS INSURANCE COMPANY,

                                    Defendant(s).
------------------------------------------------------------------X

      Plaintiff ONE55DAY INC., by their attorneys, **AGULNICK KREMIN P.C.,** for his

Verified Complaint against the Defendant U.S. UNDERWRITERS INSURANCE COMPANY,

alleges as follows:

### THE PARTIES

      1.    Plaintiff U.S. ONE55DAY INC. is a New York domestic business corporation

located at 27 Irene Lane, Commack NY 11725, in the County of Suffolk, State of New York.

      2.    That Defendant U.S. UNDERWRITERS INSURANCE COMPANY ("U.S.

UNDERWRITERS" or "Insurance Company") is a foreign corporation duly formed under the laws

of the State of North Dakota with its principal offices located at 1190 Devon Park Drive, PO Box

6700, Wayne, PA 19087.

      3.    Defendant Insurance Company, its subsidiary, and/or agent is an insurance

company licensed, admitted, engaging in, and authorized to engage in the business of liability and

casualty insurance, including homeowner's insurance coverage in the State of New York, with

offices for the transaction of business located within the State of New York.

4.    Plaintiff brings this action against Defendant U.S. UNDERWRITERS with regard to the Defendant Insurance Company's failure to indemnify Plaintiff for their insurance claim following a water damage loss at 1960 Oakland Ave, Wantagh NY 11793 (hereinafter referred to as the "Property"), which occurred suddenly and accidentally on or about February 8, 2024, the facts and circumstances being more fully set forth below.

5.    The transaction of events and the real property/personal property that is the subject of this lawsuit was located within the County of Suffolk, State of New York.

## REVEVANT FACTS

6.    That Defendant U.S. UNDERWRITERS, its subsidiary, and/or agent, for good and valuable consideration and a premium paid, issued and/or reissued to Plaintiff an insurance policy, including endorsements and amendments thereto which became a part of said policy, bearing the policy number CP 35656769D (hereinafter referred to as the "Policy"), whereby it insured the Property and contents therein against all risks of loss to the property up to the limits contained therein, including, *inter alia*, loss from accidental discharge from the plumbing system. The policy was signed by the authorized agents of the Defendant, its subsidiary, and/or agent.

7.    Pursuant to the policy, Defendant Insurance Company, its subsidiary, and/or agent agreed to insure the Plaintiffs, against loss of property caused by, *inter alia,* accidental discharge from the plumbing system as well as freeze damage subject to exceptions to the exclusion during the policy term and agreed to indemnify Plaintiff against loss or damage sustained to the Property and/o certain contents therein.

8.    On or about February 8, 2024, and while the insurance Policy was in full force and effect, an accidental discharge from the plumbing system occurred resulting in water damage occurred at the Property, causing physical damage to the building and/or contents (the "Loss").

9.    By reason of the above-mentioned occurrence, Plaintiff has sustained a direct physical loss covered under the terms of the Policy.

10.    Defendant U.S. UNDERWRITERS, its subsidiary, and/or agent, was notified of the subject loss as soon thereafter as was practicable and a claim was opened (the "Claim").

11.    Plaintiff has submitted to Defendant U.S. UNDERWRITERS request for a complete investigation of all the facts and circumstances surrounding the loss, to the extent that such was requested by Defendant.

12.    Plaintiff has satisfied all conditions precedent to the instant suit.

13.    At all times mentioned, Plaintiff has not obtained any other insurance upon the described property.

14.    By reason of Defendant U.S. UNDERWRITERS contractual undertaking to Plaintiff, pursuant to the Policy, to properly evaluate and pay claims thereunder to the extent of Plaintiff's loss up to the limits prescribed by the Policy, Defendant owed and continues to owe Plaintiff the duties of good faith and fair dealing in connection with the parties' contractual relationship.

15.    In accordance with the aforesaid duties of good faith and fair dealing, U.S. UNDERWRITERS was and is prohibited from undertaking any act which would have the effect of injuring or destroying Plaintiff's rights deriving from his contractual relationship with Insurance Company under the Policy.

16.    That despite their duties of good faith and fair dealing, Defendant U.S. UNDERWRITERS Denial the Claim, and otherwise disregarded the Plaintiffs actual rights under the Policy.

## THE DENIAL AND BAD FAITH

17.     That on or about June 20, 2024, Defendant repudiated coverage for the Claim and breached the Policy by way of letter (the "Denial Letter"). A copy of said Denial Letter is annexed hereto and incorporated by reference herein as EXHIBIT A.

18.     That the Denial Letter was in bad faith, citing frivolous, self-serving and specious grounds, all of which were devoid of logic and good faith, and without consideration for the language in the Policy which affords coverage or blatant ambiguities which exist in the Policies.

19.     That Defendant's Denial, conduct, and refusal to indemnify Plaintiff amounts to a complete disregard for the Plaintiff's rights under the Policy.

20.     The gravamen of the Denial Letter was that the Claim was excluded as freeze damage, yet the Denial Letter undertakes zero analysis as to whether Plaintiff did "do your best to maintain heat".

21.     By, *inter alia,* failing to pay Plaintiff under the Policy to the full extent of Plaintiff's loss up to the limits of the Policy and the aforesaid conduct, despite legal precedent, statutory authority, and/or contractual obligations, Insurance Company acted in bad faith and breached the duties of good faith and fair dealing owed to Plaintiff.

22.     Furthermore, Insurance Company, and its agents, servants and/or employees, are governed by the regulations promulgated by the Superintendent of Insurance of the New York State Insurance Department as set forth in 11 NYCRR § 216.

23.     The New York Insurance Law prohibits and/or requires certain actions by insurers, their agents, and representatives; and conduct by insurers, their agents and representatives. Deviating from the following is deemed unfair claim settlement practice thereunder:

        (a)     Insurers may not engage in failing to acknowledge with reasonable promptness pertinent communications as to claims arising under their policies.

(b)     Insurers may not fail to adopt and implement reasonable standards for the prompt investigation of claims arising under their policies.

(c)     Insurers may not fail to attempt in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear.

(d)     Insurers may not compel policyholders to institute suits to recover amounts due under their policies by offering substantially less than the amounts ultimately recovered in suits brought by them.

24.     Notwithstanding the foregoing, Insurance Company continued to seek only grounds for denial, based upon nothing other than a bad faith misinterpretation of the policy language and facts, and a complete and knowing disregard for the language of the policy and relevant facts, or the fact that a reasonable and typical policyholder would believe there is coverage based upon the language therein and the circumstances of the loss.

25.     Here, Defendant Insurance Company entirely disregards and gives no consideration to the exception to the Freeze exclusion, which provides for coverage where the insureds "do your best" to maintain heat at the Property.

26.     That by any reasonable assessment, Plaintiff did their best to maintain heat at the Property, and a reasonable insured would believe that Plaintiff satisfied their obligation so that the exception to the freeze exclusion would provide for coverage.

27.     That the term "do your best to maintain heat" is so susceptible to multiple reasonable interpretations that Defendant's complete and utter disregard for same shocks the conscience and is subject to the rule of *Contra Proferentem*.

28.     In addition to the foregoing, the Denial Letter and the denial of the Claim is predicated upon a report from Paul J. Angelides, P.E., P.C., Consulting & Forensic Engineers ("PJA"), an engineer beholden to the insurance company community and whose reports are almost exclusively in favor of no coverage, as will be more fully discussed below.

FILED: SUFFOLK COUNTY CLERK 02/27/2025 04:35 PM        INDEX NO. 605278/2025
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 02/27/2025

29.     That the expectation of a reasonable insured is that their claim and the investigation analysis will be performed in a good faith manner and consider all aspects of the Policy and its provisions.

30.     That insurance companies, such as U.S. UNDERWRITERS, are obliged to use licensed professional engineers to satisfy their duty with regard to the investigation and coverage determination of claims.

31.     That insurance companies, such as U.S. UNDERWRITERS, are well aware that they can create some air of legitimacy for denials if the purported opinion of a licensed professional engineer is purportedly relied upon.

32.     That insurance companies, such as U.S. UNDERWRITERS, are well aware that a denial which cites the purported findings of a licensed professional engineer, is more likely to deter civil actions by aggrieved policyholders, regardless of how conclusory, outlandish, or unsupported that purported opinion is.

33.     That insurance companies, such as U.S. UNDERWRITERS, deceptively undertake a scheme to employ licensed professional engineers, like Paul J. Angelides PE, PC whose professional existences is so intertwined with the insurance industry that they are in essence extensions of the carrier, also motivated to avoid coverage.

34.     The aforesaid actions and Insurance Company's *modus operandi* of seeking, from the outset of a claim being filed, any conceivable, although specious, basis for denial of property and casualty claims or parts thereof, have not only caused injury to Plaintiff, but have the potential to harm the public at large.

35.     Defendant U.S. UNDERWRITERS' actions toward Plaintiff are part of a pattern and practice by Insurance Company to sell insurance policies to property owners, and then

Case 2:25-cv-02006-RER-SIL    Document 1-1    Filed 04/10/25    Page 41 of 58 PageID #: 43

subsequently take the position that, under its latest interpretation or based upon its purported investigation, there is or may be no coverage, effectively denying, reducing, or hindering the processing of legitimate claims.

36.    Defendant U.S. UNDERWRITERS' regularly denies otherwise legitimate claims, setting forth frivolous grounds for the denial, that are contrary to fact, common sense, and causation.

37.    Defendant U.S. UNDERWRITERS outrageous actions demonstrate that degree of bad faith evincing a disingenuous, dishonest refusal to carry out their contractual obligations.

38.    The Defendant U.S. UNDERWRITERS has failed to and/or refused to fully indemnify the Plaintiff(s) for their total loss in an amount, with the outstanding amounts to be determined at the time of trial but believed to be in excess of one hundred fifty thousand dollars ($150,000.00), although a demand has been made.

## AND AS FOR A FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

39.    Plaintiff repeats and re-alleges all allegations previously set forth in the instant complaint as if more completely and fully set forth herein.

40.    By failing to pay Plaintiff under the Policy to the full extent of Plaintiff's loss up to the limits of the Policy and based upon their conduct as set forth above, Defendant breached its obligation under the Policy with regard to the loss at the property as well as their duty of good faith and fair dealing.

41.    As a result of U.S. UNDERWRITERS' breach, Plaintiff has been damaged in an amount to be determined at the time of trial but believed to be in excess of one hundred fifty

thousand dollars ($150,000.00), plus appropriate statutory interest of nine percent (9%) from the date of the loss.

42. As a further result of Insurance Company's breach and bad faith, Plaintiff has suffered additional consequential damages in an amount to be determined at the time of trial, and pursuant to the Bi-Economy Market, Inc. v. Harleysville Insurance Company of New York line of cases, but believed to be in excess of one hundred thousand dollars ($100,000.00).

43. That consequential damages were at all times foreseeable; in that it is foreseeable that an insured will suffer additional losses when the defendant denies or improperly minimizes a claim in bad faith.

44. That it was both expected and foreseeable that Plaintiff will sustain consequential damages including, but not limited to, the loss of use and enjoyment of the property, inability to make repairs due to the lack of insurance funds, the need to procure alternative funds, lost opportunity costs, stigmatized property, and potential loss of the Property, in addition to the loss of benefits expected under the Policy.

## AND AS FOR A SECOND CAUSE OF ACTION
## VIOLATION OF GENERAL BUSINESS LAW § 349

45. Plaintiffs repeat and re-allege all allegations set forth in the instant Verified Complaint as if more completely and fully set forth herein.

46. In addition to the foregoing, Insurance Company, and its agents, servants and/or employees, are prohibited from engaging in deceptive acts and practices pursuant to General Business Law § 349 of the State of New York.

47. Moreover, General Business Law § 349 prohibits deceptive acts or practices in the

conduct of any business, trade or commerce or in the furnishing of any service in the State of New York and making such acts and practices unlawful.

48.    Insurance Company, through its agents, servants and/or employees, has engaged in deceptive acts and practices in violation of General Business Law § 349 of New York by way of its deceptive and disingenuous investigation of the Loss which was predetermined to result in a denial of coverage and the Denial Letter.

49.    That part and parcel to the majority of insurance claims within the State of New York, including Plaintiff's is the evaluation with regard to coverage which accounts for the actual provisions of the Policy.

50.    That the expectation of a reasonable insured is that their claim and the causation analysis will be performed in a good faith manner.

51.    That insurance companies, such as U.S. UNDERWRITERS, are obliged to use licensed professional engineers to satisfy their duty with regard to the investigation and coverage determination of claims.

52.    That insurance companies, such as U.S. UNDERWRITERS, are well aware that they can create some air of legitimacy for denials if the purported opinion of a licensed professional engineer is purportedly relied upon.

53.    That insurance companies, such as U.S. UNDERWRITERS, are well aware that a denial which cites the purported findings of a licensed professional engineer, is more likely to deter civil actions by aggrieved policyholders, regardless of how conclusory, outlandish, or unsupported that purported opinion is.

54.    That insurance companies, such as U.S. UNDERWRITERS, deceptively undertake a scheme to employ licensed professional engineers whose professional existences is so

intertwined with the insurance industry that they are in essence extensions of the carrier, also motivated to avoid coverage.

55.     That here, consistent with their scheme to deceive policyholders during the handling and determination of the claim. Defendant U.S. UNDERWRITERS retained Paul J. Angelides.

56.     That PJA derive a substantive portion of their revenue from insurance companies.

57.     That the substantial pecuniary interest that PJA, and similarly situated engineers, have to the insurance industry translates into biased, conclusory, and self-serving coverage analysis, and without regard to the carrier's burden.

58.     That the result of the foregoing is that the supposed good faith investigations by Defendant U.S. UNDERWRITERS are not good faith at all, but a deceptive and shameful conspiracy to deprive policyholders the benefits of their policies.

59.     That PJA rarely produce purported "opinions" which are consistent with coverage, as part of this deceptive claims practices by Defendant U.S. UNDERWRITERS and other insurers.

60.     That the foregoing scheme is not isolated to the instant claim but affects nearly every properly and casualty policy in New York and a large number of claims in New York.

61.     The purpose of General Business Law § 349 is to prevent deceptive consumer practices in New York.

62.     That the foregoing deceptive does not consist solely of Defendant's flawed investigation or failures, but rather their overtly orchestrated attempt to avoid coverage by proffering contrived, disingenuous, and specious engineering reports to their insureds.

63.     The foregoing deceptive is akin to an insurance company retaining a medical testing company to falsify results, so as to avoid claims under the relevant policies.

64.     Every policyholder in New York has an interest when insurance carriers, such as U.S. UNDERWRITERS, act in concert with purported forensic engineers who actually stand to potentially lose business and revenue if those engineer's find in favor of insureds on any regular basis.

65.     Every policyholder in New York has in interest if the pattern and practice and claims handling process is so tainted from the start by way of conspiracy with industry loyal engineers that the policy is rendered worthless to the insured.

66.     That this type of abhorrent conduct is not unique to the Plaintiff's Loss but is a pattern and practice of the Insurance Company calculated to avoid substantive payments to insureds and deter such insureds from pursuing their proper claims further.

67.     Insurance Company, through its agents, servants and/or employees, has engaged in deceptive acts and practices in violation of General Business Law § 349 of New York, as is evidenced by the foregoing conduct and deceptive claims handling.

68.     The aforementioned actions, policies, patterns of conduct, and failures by Defendant have not only caused injury to Plaintiffs, but have the potential to harm the public at large, and most insureds of Defendant, if not all, will have some engineering involvement and/or analysis in the event there is a claim.

69.     Further, due to the willful and wanton nature of Insurance Company's conduct and the need to deter same to prevent public harm and injury, Plaintiffs demand punitive damages pursuant to General Business Law § 349.

70.     In addition to the foregoing, Defendant's intentional use of undefined and ambiguous terminology in its policy, namely the terms "do your best" in connection with maintaining heat and opting not to define that term with any specificity.

71.     That the definition of both "do your best" is material to the coverage determination in the instant claim.

72.     That Defendant intentionally applied a definition to that terms inconsistent with the understanding of those terms by a reasonable insured, to give the illusion of a legitimate investigation.

73.     That Defendant's use of ambiguous terms without defining them is a calculated decision, a deceptive practice, and designed to frustrate the insureds and to give the illusion of grounds to deny claims.

74.     That Defendant could have easily defined the terms "do your best", which would afford an insured to rely upon insurance without fear or danger of an unscrupulous insurance carrier applying an outlandish definition of otherwise undefined and ambiguous material terms following a loss.

75.     That this type of abhorrent conduct is not unique to the Plaintiffs' Loss, but is a pattern and practice of the Insurance Company calculated to avoid substantive payments to insureds and deter such insureds from pursuing their proper claims further.

76.     That Insurance Company intentionally and routinely uses ambiguous terminology rather than opting to use specific terminology which would properly advise an insured of what was required under a policy as a condition precedent to coverage and preclude frivolous denials such as the instant denial.

77.     That Insurance Company intentionally uses ambiguous terminology related to residency rather than opting to use specific terminology as a strategic measure meant to frustrate insureds and provide Insurance Company with an opportunity to deny otherwise covered claims by creating the illusion of legitimacy.

78. The aforementioned actions, policies, patterns of conduct, and failures by Defendant have not only caused injury to Plaintiff, but have the potential to harm the public at large, and most insureds of Plaintiff, as most, if not all, residential insurance policies contain a undefined "do your best" requirement or similarly undefined standard which is indecipherable by an average insured and which lacks any precise meaning.

79. As a result of the aforesaid violations of General Business Law § 349 of the State of New York, Plaintiff has been damaged in an amount to be determined at trial but believed to be in excess of two hundred thousand dollars ($200,000.00) plus appropriate interest.

80. As a further result of Insurance Company's violations of General Business Law § 349 of the State of New York, Plaintiff is entitled to attorneys' fees.

## AND AS FOR A THIRD CAUSE OF ACTION
## DECLARATORY RELIEF

81. Plaintiff repeats and re-alleges all allegations in the instant Verified Complaint as if more completely and fully set forth herein.

82. The rights, status and other legal relations to Plaintiff and Insurance Company are uncertain and the entry of declaratory judgment by this Court will resolve the uncertainty and controversy that have given rise to this proceeding.

83. That Plaintiff's legally protectable interest under the Policy is present and such interest is directly at issue, by virtue of Defendant's failure to pay the Claim.

84. A very real and justiciable controversy exists to which Plaintiff has no adequate or alternative remedy, including certain benefits under the Policy to which Plaintiff is entitled.

85. That Plaintiff seeks and is entitled to a declaratory judgment against U.S. UNDERWRITERS setting forth that Defendant Insurance Company is now and continues to be bound by, must abide by, and must perform in accordance with all covenants, provisions, forms,

and endorsements as set forth in the above- referenced Policy as it/they pertains to the subject February 8, 2024 Loss, and must make payment for the subject Loss to the full extent of the policy limits, comply with appraisal if demanded to resolve dispute over the amount and scope for the Loss, and make payment of recoverable depreciation upon completion of repair or replacement of any damaged property.

**WHEREFORE**, Plaintiff ONE55DAY INC., demands judgment against Defendant U.S. UNDERWRITERS, as follows:

a. Under the FIRST Cause of Action, as against Defendant U.S. UNDERWRITERS, damages in an amount to be determined at trial but believed to be in excess of one hundred fifty thousand dollars ($150,000.00) dollars, plus appropriate statutory interest of nine percent (9%) from the date of the loss; plus consequential damages in an amount to be determined at trial but believed to be in excess of one hundred thousand dollars ($100,000.00).

b. Under the SECOND Cause of Action, damages in an amount to be determined at trial but believed to be in excess of two hundred thousand dollars ($200,000.00), plus attorneys' fees, and punitive damages pursuant to New York GBL § 349.

c. Under the SECOND Cause of Action, a Declaratory Judgment setting forth that That Plaintiff seeks and is entitled to a declaratory judgment against U.S. UNDERWRITERS setting forth that Defendant Insurance Company is now and continues to be bound by, must abide by, and must perform in accordance with all covenants, provisions, forms, and endorsements as set forth in the above- referenced Policy as it/they pertains to the subject February 8, 2024 Loss, and must make payment for the subject Loss to the full extent of the policy limits, comply with appraisal if demanded to resolve dispute over the amount and scope for the Loss, and make

FILED: SUFFOLK COUNTY CLERK 02/27/2025 04:35 PM    INDEX NO. 605278/2025
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 02/27/2025

payment of recoverable depreciation upon completion of repair or replacement of any damaged

property.

    c.    Costs, expenses, and disbursements and reasonable attorneys' fees;

    d.    Such further relief as This Court deems just and proper.

Dated:    Melville, New York
        February 27, 2025

            Yours, etc.

            **AGULNICK KREMIN P.C.,**

            By:    _____
                Scott E. Agulnick, Esq.
              *Attorney for Plaintiff*
              **ONE55DAY INC.**
              510 Broadhollow Road, Suite 303
              Melville, New York 11747
              Tel: (718) 352- 4800
              Fax: (718) 732- 2110

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 02/27/2025

# EXHIBIT "A"



June 20, 2024

ONE55DAY INC.
27 Irene Lane
Commack, NY 11725
Attention: Rori Gordon

*Via Certified Mail and First Class Mail*

RE:  Claim No.:                    0-36184
     Reported date of loss:        02/08/2024
     Policyholder:                 ONE55DAY INC
     Policy Number:                CP 3565769D
     Policy Effective Dates:       08/14/2023 – 08/14/2024
     Issuing Company:              U.S. Underwriters Insurance Company

Dear Rori Gordon:

U.S. Underwriters Insurance Company (the "Company") is in receipt of notice of the above captioned claim dated February 9, 2024 for water damage at 1960 Oakland Ave, Wantagh, NY 11793 that occurred on or about February 8, 2024. Upon receipt, the Company hired the independent adjusting firm, MSW Adjustment Group, and subsequently, an engineering firm, Paul J. Angelides, P. E., P.C., to investigate on its behalf. We attach a copies of the Paul J. Angelides, P. E., P.C. Engineering reports on this loss for your review which address both the origin of the loss and the issue of whether an effort had been made to keep adequate heat on in the building so as to prevent against freezing.

We have now completed our investigation and reviewed the policy. The investigation revealed that the loss was caused by a frozen and split water supply line that serviced the second-floor bathroom. Further, it was found that minimal heat was used during the heating season by reviewing the utility bills that were presented for review. There was only minimal gas usage recorded, insufficient to heat the building to prevent against freezing. Further, the recorded electrical usage was also insufficient to maintain adequate heat in the building by supplying heat to a mini-split heat pump located on the first floor of the building that we were told had been functioning to supply heat to the building. Due to your failure to do your best to maintain adequate heat, a freeze-up occurred to the water line in the ceiling of the first floor, which, upon thawing, burst and caused water damage to the building.

Coverage for this situation is sought under Policy Number CP 1771995A, which affords a limit of $200,000 for the Building at Premises 2, subject to a $2,500 deductible, for damage caused by covered causes of loss.

As explained in detail below, the Policy does not provide coverage for the claimed damage and therefore we respectfully deny your request for payment.

BERKSHIRE HATHAWAY COMPANIES
1190 DEVON PARK DRIVE · P.O. BOX 6700 · WAYNE, PA 19087 · 610-688-2535 · 868-523-5545 · FAX 610-688-4391

United States Liability Insurance Company · Mount Vernon Fire Insurance Company · U.S. Underwriters Insurance Company
Mount Vernon Specialty Insurance Co. · Radnor Specialty Insurance Co.
USLI.COM · DEVONPARKSPECIALTY.COM

ONE55DAY INC
Claim # 0-36184
June 13, 2024
Page 2

Please refer to your policy, specifically the **CP 00 10 06 07- Building and Personal Property Coverage Form**, pp.1-2, which states the following, in pertinent part:

### A. Coverage

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1.    Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.**, and limited in **A.2.**, Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

**a. Building...**

\*\*\*

### E. Property Loss Conditions

\*\*\*

**3. Duties In The Event Of Loss Or Damage**

a. You must see that the following are done in the event of loss or damage to Covered Property:

(1) Notify the police if a law may have been broken.

(2) Give us prompt notice of the loss or damage. Include a description of the property involved.

(3) As soon as possible, give us a description of how, when and where the loss or damage occurred.

(4) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

ONE55DAY INC
Claim # 0-36184
June 13, 2024
Page 3

(5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

(6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.
Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

(7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

(8) Cooperate with us in the investigation or settlement of the claim.

b. We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

The preceding language explains that the policy covers direct physical loss or damage to Covered Property at the described premises caused by a Covered Cause of Loss. It further explains the Duties of an Insured in event of a loss. In this case, extensive demolition had been done on the first level of the building, prejudicing the company's rights to inspect all damaged property and preventing the assigned adjuster from determining the actual scope of damage that would be required if coverage had been triggered for the loss.

Please further refer to policy form **CP 1030 06 07**, the **CAUSES OF LOSS – SPECIAL FORM**, pp.1-3, which states the following in relevant part:

**B. Exclusions**

***

2. We will not pay for loss or damage caused by or resulting

ONE55DAY INC
Claim # 0-36184
June 13, 2024
Page 4

from any of the following:

...

g. Water, other liquids, powder or molten material
that leaks or flows from plumbing, heating, air
conditioning or other equipment (except fire
protective systems) caused by or resulting from
freezing, unless:

    (1) You do your best to maintain heat in the
building or structure; or

    (2) You drain the equipment and shut off the
supply if the heat is not maintained.

Since heat was not being maintained in the building sufficient to prevent against freezing, and
since the water supply lines were not shut off and drained, the supply lines froze and burst.
Based on the above language, this situation is excluded from coverage.

Your policy also includes endorsement **CP 101 (04/15) Maintenance of Heat Condition,**
wherein it states:

This endorsement modifies insurance provided under the following:
**BUILDING AND PERSONAL PROPERTY COVERAGE FORM
CONDOMINIUM ASSOCIATION COVERAGE FORM
CONDOMINIUM COMMERCIAL UNIT-OWNERS COVERAGE FORM
BUILDERS RISK COVERAGE FORM
BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM
BUSINESS INCOME (WITHOUT EXTRA EXPENSE) COVERAGE FORM
EXTRA EXPENSE COVERAGE FORM
STANDARD PROPERTY POLICY**

**MAINTENANCE OF HEAT CONDITION**

It is a condition of this policy that the Insured shall maintain heat in the building(s)
and other structure(s) covered under this policy under the control of the Insured to
prevent freezing of plumbing, heating and/or fire protective systems. Failure to
comply with this provision of the policy shall void coverage for loss or losses
caused by or resulting from, directly or indirectly, the freezing of plumbing, heating
and/or fire protective systems.

All other terms and conditions of this policy remain unchanged. This endorsement is
a part of your policy and takes effect on the effective date of your policy unless
another effective date is shown.

ONE55DAY INC
Claim # 0-36184
June 13, 2024
Page 5

By not ensuring that the gas furnace was operational during the heating season to allow for the furnace to heat the building adequately, and since the mini-split system was not being operated at a level to maintain adequate heat in the building, the heat warranty was breached; therefore, coverage is excluded for this loss.

For the reasons stated above, the Policy does not provide coverage for this matter. This determination is based upon all information available to us at this time. If you have additional information or legal authority that you believe may affect the Company's position regarding coverage for this claim, or you obtain such information or authority in the future, we would be happy to review the same at any time. There may be other reasons for which coverage does not exist for this matter, and our failure to enumerate each and every potential ground for a coverage denial does not mean that we have waived any of our rights. The Company's position may be subject to change if additional facts and legal theories are developed and we reserve all of our rights under the Policy.

If you have questions or disagree with the decision communicated in this letter, please contact me via email at mquici@usli.com or by phone at 888-523-5545 x2572.

Sincerely,

Michael Quici
Property Claims Examiner

C:     XS BROKERS INSURANCE AGENCY, INC. (1711)
       jreid@xsbrokers.com

       Anthony Albanese
       aanycadjust@yahoo.com

NEW YORK STATE
DEPARTMENT *of*
FINANCIAL SERVICES
ONE COMMERCE PLAZA
ALBANY, NY 12257

'25 MAR 13 8:47



CERTIFIED MAIL

9402 8149 0342 9306 0174 24

U.S. Underwriters Insurance Company
1190 Devon Park Drive
PO Box 6700
Wayne, Pennsylvania 19807

US POSTAGE
$011.48°
ZIP 12257
041R11173
00003551173 MAR 10 2025